UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR., | No. 2:20-cv-00775-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.      Allegations in the Complaint**

Plaintiff alleges that while an inmate at California State Prison-Solano, that defendant

Romary retained and then destroyed his personal property following a cell search on August 4, 2019 once plaintiff indicated that he was going to file a grievance against her.  Plaintiff alleges that such conduct violated the First, Fourth, and Fourteenth Amendments and various state laws.  By way of relief, plaintiff seeks compensatory and punitive damages.

### III.     Legal Standards

The First Amendment to the United States Constitution, which is applicable to the states through the Fourteenth Amendment, provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, ...; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. Const. amend. I.  As a consequence of incarceration, however, a prisoner's First Amendment rights are necessarily "more limited in scope than the constitutional rights held by individuals in society at large."  Shaw v. Murphy, 532 U.S. 223, 229 (2001).  Thus, an inmate retains only "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  Pell v. Procunier, 417 U.S. 817, 822 (1974) ("[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.") (citations and internal quotation marks omitted).

A prison official's limitation on inmate expression does not violate the First Amendment if the particular restriction "is reasonably related to legitimate penological interests" and "operated in a neutral fashion" (i.e., was applied "without regard to the content of the expression"), and the inmate was not deprived of all means of expression.  Turner v. Safley, 482 U.S. 78, 89 (1987) (citations omitted); Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (citations omitted).  A plaintiff/inmate has the burden to show that a government restriction on expression/assembly is not reasonable.  See Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (citations omitted).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

3

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Under the Fourth Amendment, a seizure of property "occurs when there is some meaningful interference with an individual's possessory interest in that property." United States v. Jacobsen, 466 U.S. at 113. However, the Supreme Court has held that "the Fourth Amendment has no applicability to a prison cell." Hudson v. Palmer, 468 U.S. 517, 536 (1984). In doing so, the Court noted, "[p]rison officials must be free to seize from cells any articles which, in their view, disserve legitimate institutional interests." Id. at 528 n. 8.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974), Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). California's tort claim process provides such a postdeprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy.").

**IV. Analysis**

Based on the above-cited legal standards, the court finds that plaintiff has failed to allege any violation of the Fourth or Fourteenth Amendments based on the destruction of his property by defendant Romary. To the extent that plaintiff alleges that defendant Romary violated his First Amendment right to free expression because the destroyed property contained his literary manuscripts, this fails to state a claim for relief because defendant's actions were not based on the

4

content of the material itself.  See Turner, 482 U.S. at 89.

Additionally, plaintiff has not stated a claim for relief against the California Department of Corrections and Rehabilitation, which is the other named defendant in this action.  Under the Eleventh Amendment, state agencies enjoy sovereign immunity from private suits for damages or injunctive relief in federal court, unless the state has waived or Congress has validly overridden such immunity.  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...."  Id.  Moreover, Congress did not override sovereign immunity with respect to § 1983 suits.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67, 71 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent.... We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").  Accordingly, any claims against the CDCR must be dismissed.

After conducting the required screening, the court finds that plaintiff may proceed on a First Amendment retaliation claim against defendant Romary based on the destruction of his personal property on August 4, 2019.  Plaintiff has also sufficiently alleged supplemental state law claims against defendant Romary based on this same conduct.  Plaintiff may elect to proceed immediately on the First Amendment retaliation and supplemental state law claims against defendant Romary; or, in the alternative, plaintiff may elect to amend his complaint to attempt to cure the deficiencies with respect to the remaining claims.  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  If plaintiff chooses to proceed on the First Amendment retaliation and state law claims found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the additional claims and defendant pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

In any amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how

each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. You may choose to file an amended complaint to try to fix these problems. You must decide if you want to (1) proceed immediately on the First Amendment retaliation and supplemental state law claims against defendant Romary; or (2) try to amend the complaint to fix the problems identified in this order with respect to the remaining defendants. Once you decide, you must complete the attached Notice of Election form by checking only one of the appropriate boxes and return it to the court.

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint). If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will recommend dismissing the remaining claims.

In accordance with the above, IT IS HEREBY ORDERED that:

6

1         1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the First Amendment retaliation and supplemental state law claims against defendant Romary; or, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining defendants.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated: September 24, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/glea0775.option.docx

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR., <br><br> Plaintiff, <br><br> v. <br> CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITTION, et al., <br><br> Defendants. | No.  2:20-CV-00775-KJM-CKD <br><br> NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_  Plaintiff wants to proceed immediately on the First Amendment retaliation and supplemental state law claims against defendant Romary.  Plaintiff voluntarily dismisses the remaining defendants; or,

\_\_\_\_\_  Plaintiff wants time to file a first amended complaint.

DATED:

_____
                                              Plaintiff

8