1

2

3

4

5

6

7                               UNITED STATES DISTRICT COURT

8                          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    THOMAS LEE GLEASON, JR.,                      No.  2:20-cv-00775-KJM-CKD P

11                     Plaintiff,

12            v.                                     ORDER

13    CALIFORNIA DEPARTMENT OF
      CORRECTIONS & REHABILITATION,
14    et al.,

15                     Defendants.

16

17           Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18    action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local

19    Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20           This case is proceeding on plaintiff's First Amendment retaliation and supplemental state

21    law claims against defendant Romary, a correctional officer at California State Prison-Solano,

22    based on the destruction of plaintiff's personal property on or about August 4, 2019.  ECF No. 8

23    at 5.  Currently pending before the court is plaintiff's motion to compel additional discovery

24    responses from defendant.  By order dated July 8, 2021, the discovery cut-off date in this case

25    was extended to October 26, 2021.  ECF No. 28.  Defendant has not filed an opposition to the

26    motion to compel and the time to do so has expired.  For the reasons outlined below, the court

27    grants the motion in part and denies the motion in part.

28    /////

                                                    1

I.      **Plaintiff's Motion to Compel**

In his motion to compel, plaintiff seeks supplemental discovery responses based on defendant's incomplete answers to his Request for Production of Documents and his Request for Admissions served on April 29th and 30th, 2021.  ECF No. 27.  Specifically, plaintiff contends that defendant's responses to Request for Production of Documents Nos. 1, 2, 3, 5, and 6 and his Requests for Admissions Nos. 1, 2 and 5 are deficient.  Id.  As part of his discovery response, defendant submitted a Declaration of N. Difuntorum in support of his assertion of the official information privilege raised in response to the Request for Production of Documents.  `e3` ECF No. 27 at 16-19.  The discovery requests and responses at issue are reproduced herein to aid the court's analysis.

**Request for Production of Documents No. 1:**

Plaintiff seeks the production of any and all complaints/602 inmate appeals in which inmates complained of defendant Romary destroying their personal property while employed at Solano State meaning the defendant Romary.

**Response:**

Responding party objects to this request in that it is vague and overbroad as to time and seeks information not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.  Further, the request violates the privacy rights of non-parties and seeks documents that are privileged and confidential under California Code of Regulations, Title 15, §§ 3321, 3370, 3084.9, and 3450 and department Operations Manual §§ 13030.4, 13030.14, 13030.19, and the official information privilege.  Defendant also objects to the request on the grounds that responsive documents, if any, are protected from disclosure under California Civil Code § 1798.24.  Without waiving any objection, responding party produces Appeal Log Nos. CSP-S-19-02476 and CSP-S-20-00165 (without confidential interviews) in which Plaintiff alleged that responding party searched his cell and confiscated property.

**Request for Production of Documents No. 2:**

Plaintiff seeks the production of any and all reports in which the defendant Romary was disciplined for confiscating inmates personal property.  While she was employed at Lancaster

1  State Prison.

2        **Response:**

3        Responding party objects to this request in that it is vague and overbroad as to time and

4  seeks information not relevant to this action nor reasonably calculated to lead to the discovery of

5  admissible evidence.  Further, the request violates the privacy rights of non-parties and seeks

6  documents that are privileged and confidential under California Code of Regulations, Title 15, §§

7  3321, 3370, 3084.9, and 3450; and Department of Operations Manual §§ 13030.4, 13030.14,

8  13030.19, and the official information privilege.  Defendant also objects to the request on the

9  ground that responsive documents, if any, are protected from disclosure under California Civil

10  Code § 1798.24.  Without waiving any objection, responding party has no responsive documents

11  in her possession, custody, or control.

12        **Request for Production of Documents No. 3:**

13        Plaintiff seeks the production of any and all staff complaints that where [sic] filed against

14  the defendant J. Romary while employed at Solano State Prison for illegally confiscating and

15  destroying inmates personal property.

16        **Response:**

17        Responding party objects to this request in that it is vague and seeks information not

18  relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

19  Further, the request violates the privacy rights of non-parties and seeks documents that are

20  privileged and confidential under California Code of Regulations, Title 15, §§ 3321, 3370,

21  3084.9, and 3450; and Department Operations Manual §§ 13030.4, 13030.14, 13030.19, and the

22  official information privilege.  Defendants also object to the request on the ground that responsive

23  documents, if any, are protected from disclosure under California Civil Code § 1798.24.  Without

24  waiving any objection, responding party produces Appeal Log Nos. CSP-S-19-02476 and CSP-S-

25  20-00165 (without confidential interviews) in which Plaintiff alleged that responding party

26  searched his cell and confiscated property on or about August 5, 2019.

27        **Request for Production of Documents No. 5:**

28        Plaintiff seek [sic] the production of any and all documents evident [sic] and accept [sic]

3

1   liability of any portion of this civil action Case No. 2:20-cv-0775-KJM-CKD.

2         **Response:**

3         Responding party objects to this request on the ground that it is vague, unduly

4   burdensome, does not specify with reasonable particularity a category of documents to be

5   produced, and seeks information protected by the attorney-client privilege and the attorney work

6   product doctrine.

7         **Request for Production of Documents No. 6:**

8         Plaintiff seeks the production of any and all documents that evident [sic] that the

9   California Department of Correction & Rehabilitation attempted to compensate the plaintiff for

10   his personal property.

11         **Response:**

12         Responding party objects to this request in that it is vague and unduly burdensome.

13   Without waiving any objection, responding party produces Appeal Log NO. CSP-S-19-02476.

14   The second level appeal response to that appeal reflects an interview between Plaintiff and

15   Lieutenant Dunlop in which Dunlop offered Plaintiff a replacement for two coaxial cables and a

16   TV antenna (provided that Plaintiff sign a trust account withdrawal to mail the items back home).

17   The interview reflects Plaintiff's statement that "at this point in time I think it is best that I don't

18   accept anything for replacement so it is not confusing [sic] what I was compensated for."

19         **Request for Admission No. 1:**

20         After confiscating the Plaintiff's personal property on August 5, 2019 you did not present

21   to him the opportunity [sic] mail his property home.  Meaning the property that you confiscated

22   from the Plaintiff.

23         **Response:**

24         Objection.  This request is vague as Plaintiff's instant lawsuit concerns a large number of

25   property that could be described as "personal property," including altered electronic supplies,

26   clothing items, packaged food items, among others.  It is also vague as to the phrase "present the

27   opportunity."  Without waiving any objections, responding party denies.

28   /////

**Request for Admission No. 2:**

On August 5, 2019 did you confiscate any form of books from the Plaintiff Mr. Gleason.

**Response:**

Objection.  The request for admission does not identify the fact to be admitted or denied. This objection is also made on the ground that the phrase "any form of books" is vague.  Without waiving any objection, responding party admits to confiscating written materials during the August 5, 2019 search.

**Request for Admission No. 5:**

You refused to retain the Plaintiff [sic] person [sic] property that you confiscated on August 5, 2019 pending the administrative appeal process.

**Response:**

Objection.  The request is vague as to whom responding party "refused."  Objection is also made on the ground that the request is not complete in and of itself, and vague as to "pending administrative appeal process."

## II.    Legal Standards

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  A party may serve on any other party a written request to admit, for purposes of the pending action, the truth of any matters within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 36(a)(1).

Where a party fails to produce documents requested under Federal Rule of Civil Procedure 34, the party seeking discovery may file a motion to compel production.   Fed. R. Civ. P. 37(a).  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying,

explaining or supporting its objections." <u>Bryant v. Ochoa</u>, No. 07-cv-0200 JM PCL, 2009 WL 1390794 at *1, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. May 14, 2009) (citations omitted); <u>see</u> <u>also</u> <u>Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.</u>, 981 F.2d 429, 438-39 (9th Cir. 1992) (upholding denial of motion to compel because moving party did not show the request fell within the scope of Rule 26(b)(1)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418, 429 (9th Cir. 1975).

### III.   Analysis

### A. Requests for Production of Documents

Here, the court will deny plaintiff's motion to compel with respect to Request for Production of Documents Nos. 2, 5, and 6. With respect to Request No. 2, plaintiff has not met his burden of demonstrating how any documents from a different prison are relevant to his claim against defendant Romary while employed at CSP-Solano. The court further finds that defendant's assertion of the attorney-client privilege and the attorney work product doctrine are a valid objection to Request for Production of Documents No. 5. Defendant Romary provided a response to Request No. 6, notwithstanding his objection. So the court will not order defendant Romary to supplement any of these discovery responses.

The remaining responses to plaintiff's Request for Production of Documents concern the assertion of the official information privilege by defendant Romary. "Federal common law recognizes a qualified privilege for official information." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of the disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." <u>Id.</u> at 1033–34. "[W]here otherwise discoverable information would pose a threat to the safety and security of a prison . . . , a need may arise for the Court to balance interests in determining whether disclosure should occur." <u>Scott v. Palmer</u>, No. 1:09-cv-01329 LJO SKO, 2014 WL 6685810, *1 (E.D. Cal. Nov. 26, 2014) (collecting cases). "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" <u>Soto v. City of Concord</u>, 162 F.R.D.

6

1 | 603, 613 (N.D. Cal. 1995).

2 |      The party invoking the privilege must at the outset make a "substantial threshold

3 | showing" by way of a declaration or affidavit from a responsible official with personal

4 | knowledge of the matters attested.  Id.  "If the court concludes that a defendant's submissions are

5 | not sufficient to meet the threshold burden, it will order disclosure of the documents in issue.  If a

6 | defendant meets the threshold requirements, the court will order an in camera review of the

7 | material and balance each party's interests."  Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D.

8 | Cal. 1996).

9 |      In this case, the court finds that defendant has not sufficiently met his threshold burden

10 | based on the Declaration of N. Difuntorum because this case concerns inmate property and does

11 | not concern personal medical information or sensitive issues involving the use of force.

12 | Defendant has not provided "the court with *specific* information about how disclosures of the

13 | subject material, in the situation presented by the case at hand, would harm significant law

14 | enforcement or privacy interests."  Kelly, 114 F.R.D. at 669 (emphasis in original).  Therefore,

15 | the court will order the responsive documents to be produced.  Id.  The court is of the view that

16 | the personal identifying information of third-party inmates and staff witnesses can be redacted

17 | from the responsive documents so as to protect their privacy rights.

18 |      Defendant shall arrange with the litigation coordinator at plaintiff's prison to provide him

19 | the opportunity to inspect the following materials responsive to his requests for production of

20 | documents: 1) the confidential supplemental interviews and materials for his staff complaint

21 | Appeal No. CSP-S-20-00165; 2) staff complaints filed by other inmates at CSP-Solano against

22 | defendant Romary involving allegations of the destruction of personal property; and, 3) staff

23 | complaints filed by other inmates at CSP-Solano filed against defendant Romary involving

24 | allegations of the illegal confiscation of their property.  Plaintiff may take notes but may not copy

25 | the produced documents.  Any documents disclosed are subject to a protective order that (1)

26 | limits the use of the records and information to the instant action; and (2) requires defense

27 | counsel to redact any and all identifying personal information which might pose a security risk if

28 | released, including, but not limited to, the personal identifying information, home addresses,

1   social security numbers, telephone numbers, etc.  See Kelly v. City of San Jose, 114 F.R.D. 653,

2   660 (N.D. Cal. 1987); see also Garcia v. Clark, No. 1:10–CV–00447–LJO–DLB PC, 2012 WL

3   1232315, at *6 n. 5 (E.D. Cal. Apr.12, 2012) (noting inmate's entitlement to inspect discoverable

4   information may be accommodated in ways which mitigate institutional safety concerns);

5   Robinson v. Adams, No. 1:08–cv–01380–AWI–BAM PC, 2012 WL 912746, at *2–3 (E.D. Cal.

6   Mar.16, 2012) (issuing protective order regarding documents containing information which

7   implicated the safety and security of the prison).  Should defense counsel deem this protective

8   order inadequate to protect confidential or otherwise sensitive information, counsel may submit a

9   proposed protective order within 21 days from the date of this order.

10      **B. Requests for Admissions**

11      With respect to plaintiff's requests for admissions, defendant Romary did deny Request

12   for Admission Nos. 1-2 notwithstanding his objection.  Therefore, the court finds that no further

13   response is required.  Fed. R. Civ. P. 36(a)(4).  Defendant's objection to Request for Admission

14   No. 5 is well taken.  For all these reasons, plaintiff's motion to compel is denied with respect to

15   his request for admissions.

16      **IV.    Plain Language Summary for Pro Se Party**

17      Accordingly, IT IS HEREBY ORDERED that:

18      1.   Plaintiff's motion to compel (ECF No. 27) is granted in part and denied in part as

19           explained herein.

20      2.   Defendant Romary shall produce documents responsive to plaintiff's Request for

21           Production Nos. 1 and 3 as provided in this order subject to the conditions of the

22           protective order within 30 days from the date of this order.

23      3.   Should defense counsel deem this protective order inadequate to protect confidential

24           or otherwise sensitive information, counsel may submit a proposed supplemental

25           protective order within 21 days from the date of this order.

26   /////

27   /////

28   /////

1        4.   Prior notice as required by California Civil Code § 1798.24(k) shall be given to

2            individuals whose names or other identifying information are disclosed in the material.

3    Dated:  September 7, 2021

4    _____

    CAROLYN K. DELANEY

5        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12    12/glea0775.m2compel.docx

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28