UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION, et al., <br><br> Defendants. | No. 2:20-cv-00775-KJM-CKD P <br><br><br> ORDER |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on plaintiff's First Amendment retaliation and supplemental state law claims against defendant Romary, a correctional officer at California State Prison-Solano, based on the destruction of plaintiff's personal property on or about August 4, 2019. ECF No. 8 at 5. Currently pending before the court are a total of thirteen motions filed by plaintiff, the majority of which are duplicative and redundant. The court will address each different category of motions filed by plaintiff, and then deny the remaining motions as duplicative in the interests of judicial economy. The court will not resolve plaintiff's partial motion for summary judgment (ECF No. 30) or defendant's motion for sanctions (ECF No. 59) in this order.

/////

### I. Motion for the Appointment of Counsel

Plaintiff requests that the court appoint him counsel "to help combat the professional lies" of defendant Romary. ECF No. 44. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

### II. Motion to Recuse the California Attorney General's Office

In this motion, plaintiff seeks an order requiring the California Attorney General's Office to recuse itself from representing defendant Romary based on an alleged conflict of interest. ECF No. 35. According to plaintiff, defendant Romary should not be rewarded for misconduct by receiving free legal representation by the Attorney General's Office. Id. Plaintiff does not provide any legal authority supporting his request and, on this basis alone, the motion will be denied.

### III. Plaintiff's Motion for Sanctions

In his first motion for sanctions, plaintiff contends that defendants failed to comply with this court's September 7, 2021 order regarding the production of discovery documents to plaintiff. ECF No. 37. In a subsequently filed motion, plaintiff clarifies that he was finally permitted to

2

view two of the documents on October 26, 2021, but they were redacted. ECF No. 39.

Defendants filed an opposition to plaintiff's request indicating that they did comply with the court's order by providing plaintiff the opportunity to view the redacted documents on two separate occasions, although both times were not within the timeframe ordered by the court due to miscommunications and Covid-related prison restrictions on inmate movements. See ECF No. 48 at 3-4.

Plaintiff's motions for sanctions filed after defendants' opposition are based on defendant Romary's alleged false declaration filed in opposition to plaintiff's summary judgment motion. ECF Nos. 51, 54, 55. There no longer appears to be any dispute about defendants' compliance with the court's order other than the redactions that were made to some of the documents.

The court finds that defendant's delay in complying with the court's September 7, 2021 order was not done in bad faith. Additionally, the court emphasizes that defendant was ordered to produce redacted copies of the documents. See ECF No. 29 at 7-8 (imposing a protective order on the materials required to be produced to plaintiff). Therefore, sanctions on the basis of the redactions alone are not warranted. For all these reasons, plaintiff's motion for sanctions will be denied.

**IV.  Motion to Reopen Discovery**

By order dated April 26, 2021, this court set the discovery cut-off date as August 27, 2021. ECF No. 24. On July 8, 2021, the court granted defendants' ex parte motion to modify the discovery and scheduling order by extending the cut-off date to October 26, 2021. See ECF No. 28.

On the day that discovery closed, plaintiff filed a motion to extend the discovery deadline by another 60 days because he had not received a response to several of his discovery requests propounded on defendants.[1] ECF No. 40. Because this motion was not received by the court until after the discovery period had closed, the court construes this as a motion to modify the discovery and scheduling order by reopening discovery.

---

[1] The constructive filing date was determined using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

3

Defendants filed an opposition to this motion indicating that the lack of response was based on the fact that plaintiff's discovery requests were not timely served. ECF No. 41 at 3. Defendants further point out that plaintiff did not provide any explanation, or good cause, for his untimely discovery requests especially because he was able to timely serve discovery requests on defendants in both May and June 2021. Id.

Following defendant's opposition, plaintiff filed two separate motions to reopen discovery in this case. See ECF Nos. 45, 49. In both motions, plaintiff requests discovery to be reopened based on defendant Romary's alleged lies and perjury. ECF Nos. 45, 49.

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

In this case, plaintiff does not offer any explanation for his delay in propounding further discovery requests on defendants which were untimely served. Based on this, the court does not find good cause to reopen discovery in this case. Accordingly, plaintiff's motion to modify the discovery and scheduling order by reopening discovery is denied.

### V. Defendant's Motion for Sanctions

Due, in part, to plaintiff's filing of the pending repetitious motions, defendant filed a motion for sanctions against plaintiff requesting the termination of this case with prejudice as well as monetary sanctions. ECF No. 59. The court has reviewed the motion and is deeply disturbed by the crude, threatening, and denigrating language that plaintiff has used in correspondence with defense counsel in this case. Even more concerning is that plaintiff engaged in such behavior after he was warned against using inappropriate sexual and harassing remarks in another case pending before this court. See Gleason v. Voong, et al., Case No. 2:19-cv-00621-WBS-JDP (E.D. Cal. Sept. 25, 2020) (granting motion for court intervention and warning plaintiff that "any future use of sexually harassing language will be sanctionable."). **Therefore,**

**plaintiff is ordered to show cause in writing within 14 days from the date of this order why defendant's motion for sanctions should not be granted in light of the prior warnings plaintiff was given. Plaintiff's response to this order to show cause shall be no more than 7 pages in length. The failure to respond to this order to show cause, or the failure to file a response that complies with this court's order, will result in a recommendation that this action be dismissed.**

Based on defendant's pending motion for terminating sanctions, the court will sua sponte vacate the pretrial motions deadline of January 18, 2022 in this case. See ECF No. 28 (order modifying the discovery and scheduling order). The pretrial motions deadline will be reset as necessary upon resolution of defendant's motion for sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 44) is denied without prejudice.
2. Plaintiff's motion to recuse the California Attorney General's Office (ECF No. 35) is denied.
3. Plaintiffs motion for sanctions (ECF No. 37) is denied.
4. Plaintiff's motion to modify the discovery and scheduling order and to reopen discovery (ECF No. 40) is denied for lack of good cause shown.
5. Plaintiff's remaining motions (ECF Nos. 39, 45, 47, 49, 50, 51, 54, 55) are denied as duplicative.
6. **In light of plaintiff's pattern of filing repetitious and duplicative motions that are vexatious in nature, the court will limit plaintiff's filings in this matter. Plaintiff shall not file any pleading unless first ordered to do so by the court. Any pleading filed in violation of this order shall be stricken from the docket and subject plaintiff to the imposition of sanctions, including the possible dismissal of this case.**
7. **Plaintiff is ordered to show cause in writing within 14 days from the date of this order why defendant's motion for sanctions should not be granted. Plaintiff's**

1 | **response to this order to show cause shall be no more than 7 pages in length.**
2 | **The failure to respond to this order to show cause, or the failure to file a response**
3 | **that complies with this court's order, will result in a recommendation that this**
4 | **action be dismissed for plaintiff's failure to prosecute this action.**

Dated: December 28, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/glea0775.pl.msj+misc.docx