UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR., | No. 2:20-cv-00775-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATION, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on plaintiff's First Amendment retaliation and supplemental state law claims against defendant Romary, a correctional officer at California State Prison-Solano, based on the confiscation and destruction of plaintiff's personal property on or about August 4, 2019. ECF No. 8 at 5 (screening order). Currently pending before the court are plaintiff's partial motion for summary judgment and defendant's motion for sanctions against plaintiff. The court will address each motion in turn.

**I.   Plaintiff's Motion for Summary Judgment**

Plaintiff seeks summary judgment "on[the] sole issue of the defendant J. Romary taking the plaintiff's personal property in the form of conversion." ECF No. 30 at 1. According to plaintiff, defendant admitted to taking his written materials. Id. at 4-5, 9 (Defendant Romary's

1

Response to Request for Admission, Set One).  In the motion, plaintiff seeks the return of his manuscripts and movie scripts or monetary compensation if they cannot be returned to him.  Id. at 5-6.

Defendant filed an opposition emphasizing that no state law conversion claim was ever screened in by the court nor raised in plaintiff's complaint.  ECF No. 38 at 4.  As a result, plaintiff's motion for summary judgment cannot resolve any material issue, or part of any material issue, deemed cognizable by the court.  Additionally, the time to amend plaintiff's complaint as of right has passed and plaintiff has not demonstrated good cause for the court to grant plaintiff leave to amend at this stage of the proceedings.  Id.

On May 9, 2022, defendant Romary submitted a corrected version of her Declaration in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment.  ECF No. 64.  The corrected declaration concerns the basis for defendant Romary's search and confiscation of plaintiff's property on or about August 5, 2019.  ECF No. 64-1.  This prompted plaintiff to file a motion requesting permission to file another motion for summary judgment arguing that defendant is a liar and challenging her recollection of events.[1]  ECF No. 65.

The court first notes that plaintiff's summary judgment motion is based on a state law claim that is not before the court.  Compare ECF No. 1 (complaint alleging a violation of California Government Code § 815.6 for failing to discharge a statutory duty and the Bane Act) with ECF No. 8 (screening order).  Plaintiff's complaint in this action never alleged any claim for relief based on the conversion of his property by defendant Romary.  The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  In this case, summary judgment is not appropriate on the issue of conversion because that is not one of

---

[1] While the caption of plaintiff's motion tacitly acknowledges this court's limitation on his filings, the substance of the motion itself is yet another demand to settle this case based on defendant's asserted lies and falsehoods.  ECF No. 65.  For this reason, the court will strike the motion from the docket as being filed in violation of a court order.  Plaintiff is admonished that simply labeling a pleading as a request to file a motion will not suffice as an end-run around this court's December 28, 2021 order limiting all further filings.

the claims against defendant pending before this court. To the extent that the parties are challenging each other's credibility in their pleadings, the court emphasizes that the legal mechanism for testing the veracity of the parties is a jury trial. It is not the duty of this court, even at the summary judgment stage, to make credibility determinations or to choose between two conflicting versions of the evidence. See Nelson v. City of Davis, 571 F.3d 924, 929 (9th Cir. 2009) (credibility determinations must be left to the factfinder and not decided by a judge on a motion for summary judgment). For all these reasons, the undersigned recommends denying plaintiff's motion for summary judgment.

## II. Defendant's Motion for Sanctions

Defendant Romary seeks sanctions against plaintiff based on his numerous duplicative motions; his abuse of the judicial process by sending "unprofessional and discourteous communication" to opposing counsel for an improper purpose; and, his use of crude and insulting remarks directed at defendant which plaintiff was warned against doing in another civil action in this same district. ECF No. 59; see also Gleason v. Voong, et al., No. 2:19-cv-00621-WBS-JDP (E.D. Cal.). Defendant requests terminating sanctions in the form of a dismissal with prejudice of this case, or, in the alternative, monetary sanctions in the amount of $6,600. ECF No. 59-2 (proposed order).

On December 28, 2021, the court ordered plaintiff to show cause why defendant's motion for sanctions should not be granted. ECF No. 60. Before plaintiff was served with a copy of this order, he filed an objection and opposition to defendant's motion. ECF No. 62. Plaintiff also filed a response to the court's show cause order. ECF No. 63. The content of plaintiff's opposition as well as his response to the show cause is generally the same. First and foremost, plaintiff admits his unprofessional conduct toward opposing counsel. He acknowledges that he sent the letters to opposing counsel because he "did not think that it would jeopardize the outcome of the case due to the fact the letters were not filed with the Court" and were not threatening." ECF No. 63 at 1-2. Plaintiff indicates that his responses were associated with his mental health issues, but he does not provide any documentation to that effect. Id. Plaintiff also states that he is unable to pay the requested monetary sanction of $6,600 and requests that the

court not dismiss his case as a further sanction. Id. at 3-4. According to plaintiff, he agrees to "heed the courts warning not to write the defendant's attorney venting any form of frustration." Id. at 4.

The court derives the power to impose sanctions on parties or their counsel from three primary sources of authority: "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). The court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43–46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). This "inherent power 'extends to a full range of litigation abuses.'" Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46–47). However, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994.

The court will limit its analysis of the motion for sanctions to the admittedly unprofessional communications that plaintiff sent to opposing counsel. The court has already limited plaintiff's filings in this case due to his repetitious and vexatious motions. See ECF No. 60. Therefore, the court will not recommend imposing additional sanctions on plaintiff based on these same filings. To the extent that defendant seeks sanctions against plaintiff based on his failure to comply with an admonition issued by a different judge in a different case, the court considers this information only for the purpose of establishing plaintiff's knowledge that such unprofessional communication is sanctionable behavior.[2] As a result, the court finds that plaintiff's belief that he could engage in such insulting and belligerent communications with opposing counsel without any consequence from the court to be wholly incredible. The prior admonition to plaintiff also undercuts his assertion that he is willing to reform his behavior and "heed the court's warning." ECF No. 63 at 4. While acknowledging plaintiff's troubling pattern

---

[2] The court grants defendant's request to take judicial notice of the case of Gleason v. Voong, et al., No. 2:19-cv-00621-WBS-JDP (E.D. Cal.).

of scurrilous name-calling in the course of litigation, the court does not consider the warning issued to plaintiff in Gleason v. Voong, et al., No. 2:19-cv-00621-WBS-JDP (E.D. Cal.), to be sufficient to impose sanctions for plaintiff's similar conduct in this case.[3]

The court now turns to the last basis for defendant's motion for sanctions: plaintiff's repetitious and abusive letters sent to opposing counsel as well as other staff at the California Attorney General's Office. While plaintiff's excuse for writing the scurrilous letters is based on his own mental health issues, the court notes, rather ironically, that defendant's motion for sanctions is based on plaintiff's derogatory comments about defendant's mental health. **There is simply no excuse for plaintiff's derogatory and insulting comments toward defendant based on her mental health, gender, or any other immutable characteristic.** In Chambers v. NASCO, Inc., 501 U.S. 31, 45-46 & n. 10 (1991), the Supreme Court emphasized that a court has the inherent authority to sanction parties or counsel who have acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or have taken actions in the litigation for an improper purpose." The Ninth Circuit further defined "bad faith" as including "a broad range of willful improper conduct," including when a litigant is "motivated by vindictiveness, obduracy, or mala fides…." Fink, 239 F.3d at 992 (citation omitted). In this case, the court finds that plaintiff acted in bad faith in sending the letters in light of: 1) his knowledge that such behavior is sanctionable by the court; and, 2) the lack of any legitimate purpose for sending the letters demanding a settlement when the case had already been the subject of a failed settlement conference. See ECF No. 21 (minutes of settlement conference). In this light, sending the letters was done for an improper purpose. See Fink, 239 F.3d at 992. While such conduct warrants sanctions under the court's inherent authority, the court recommends, at this juncture, issuing **one, and only one, warning to plaintiff to cease any such further conduct for the duration of this case**. Should plaintiff be unwilling to conform his conduct to this court's

---

[3] In Ewing v. GoNow Travel Club, LLC, 2019 WL 4688760 at *2 (S.D. Cal. Sept. 26, 2019), cited by defendant, the district court imposed monetary sanctions against a frequent litigant who was "cautioned many times by this Court and other judges to be courteous, civil, and not make misrepresentations." The court does not read that case as standing for the proposition that terminating sanctions can be ordered after plaintiff is admonished and warned in a different case.

directive, the undersigned will require plaintiff to show cause why sanctions, including the dismissal of this case, should not then be imposed. It is further recommended that defendant's motion for sanctions be denied to the extent that it seeks terminating sanctions, or, in the alternative, monetary sanctions against plaintiff.

### III.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your motion for summary judgment and recommends denying it because there is no state law claim of conversion pending in this case. Although the court finds that you engaged in bad faith by sending abusive letters to opposing counsel for an improper purpose, it recommends denying defendant's motion for terminating and monetary sanctions at this juncture. Instead, the court recommends warning you against any further unprofessional and insolent conduct directed toward opposing counsel or any party to this litigation.

If you disagree with any of these recommendations, you have 14 days to explain why they are not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file another motion for summary judgment (ECF No. 65) is stricken from the docket as being filed in violation of a court order.
2. Consistent with this court's order of December 28, 2021, plaintiff is permitted to file objections to these Findings and Recommendations within 14 days from the date of service.
3. Any other pleadings filed by plaintiff shall be stricken from the docket.
4. Defendant's request for judicial notice of Gleason v. Voong, et al., No. 2:19-cv-00621-WBS-JDP (E.D. Cal.), is granted.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 30) be denied.
2. Defendant's motion for sanctions (ECF No. 59) be denied to the extent that it seeks

terminating sanctions, or, in the alternative, monetary sanctions against plaintiff. **The court recommends that the motion be granted to the extent that plaintiff be ordered to cease all unprofessional, insulting, and abusive communications with opposing counsel and any party to this litigation.**

3. Counsel for defendant be directed to file a notice with the court along with a copy of any communication received that appears to violate this court order. Upon receipt of any such notice, the court will order plaintiff to show cause why sanctions should not be imposed, including the possible dismissal of this action.

4. The dispositive motions deadline in this case be reset.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 23, 2022

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/glea0775.m4sanctions+msj.CJRA