UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON, JR., | No. 2:20-cv-00775-KJM-CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on First Amendment retaliation and supplemental state law claims against defendant Romary based on the confiscation and destruction of plaintiff's personal property on August 4, 2019. See ECF No. 8 (screening order). Currently pending before the court is defendant's motion for summary judgment. ECF No. 75. For the reasons explained below, the undersigned recommends granting defendant's motion on the First Amendment retaliation claim and dismissing the remaining supplemental state law claims without prejudice.

/////

/////

/////

1

I. **Allegations in the Complaint**[1]

In his verified complaint, plaintiff alleges that, while he was an inmate at California State Prison-Solano, defendant Romary retained and then destroyed his personal property following a cell search on August 4, 2019 once plaintiff indicated that he was going to file a grievance against her for not returning his personal property. ECF No. 1 at 3-4. Specifically, plaintiff contends that defendant Romary confiscated four manuscripts and one game format from plaintiff after he asked her for a grievance form. ECF No. 1 at 4. Defendant Romary told plaintiff that she would only return the manuscripts if he did not file a grievance against her. ECF No. 1 at 4. After a few days passed, plaintiff asked defendant for his manuscripts to be returned. ECF No. 1 at 4-5. Instead of returning them, defendant Romary threatened to activate her personal alarm. Id. Defendant Romary never offered to allow him to send his manuscripts home before she disposed of them in the trash. Id. at 5-6. The complaint specifies that defendant's actions chilled plaintiff's First Amendment rights, indicates that plaintiff filed a government claim against the California Department of Corrections and Rehabilitation, as well as an inmate 602 appeal, and a staff complaint against defendant Romary. ECF No. 1 at 4, 10, 16-27.

II. **Defendant's Motion for Summary Judgment**

In her motion for summary judgment, defendant Romary first submits that plaintiff cannot establish retaliation because he was not subjected to any adverse action. Instead, the undisputed evidence demonstrates that defendant confiscated plaintiff's property in order to enforce a state regulation that limits all prisoners amount of personal property. ECF No. 75-2 at 5. Additionally, plaintiff does not establish that defendant's actions were the result of his request to submit a grievance rather than enforcing this regulation. ECF No. 75-2 at 5-6. The CDCR regulation provides a legitimate penological reason for the search and ultimate destruction of plaintiff's property in this case. ECF No. 75-2 at 7. Lastly, defendant submits that there is no evidence that her conduct had a chilling effect on plaintiff's First Amendment rights as he filed two separate

---

[1] A plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence. Lopez v. Smith, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000).

grievances about the events at issue in this case. ECF No. 75-2 at 6-7. Based on this lack of evidence establishing retaliation in violation of the First Amendment, defendant Romary requests summary judgment on qualified immunity grounds as well. ECF No. 75-2 at 7-8.

On the state law Bane Act claim, "there is a complete absence of any evidence in this case that Officer Romary engaged in threats, intimidation, or coercion directed at Plaintiff" and defendant's conduct did not interfere with any of plaintiff's constitutional rights. ECF No. 75-2 at 8. According to defendant, the remaining two state law grounds raised in plaintiff's complaint are inapplicable on their face since they pertain to public entity liability and not public employee liability. ECF No. 75-2 at 9. As a result, defendant Romary requests summary judgment on all of plaintiff's supplemental state law claims.

In his opposition, plaintiff contends that he put defendant Romary on notice that he was going to file a grievance against her. ECF No. 76. It was only after receiving this information that defendant decided to confiscate plaintiff's manuscripts, movie scripts and game invention. ECF No. 76 at 2. According to plaintiff, defendant had already completed her initial search of his property by the time that she conducted her retaliatory search. Id. Her retaliatory motive was clear because she offered to return plaintiff's property if he did not file a grievance against her. Id. Plaintiff also disputes possessing "more than ten books or ten cubic feet of personal property" that would violate CDCR regulations. ECF No. 76 at 4. Rather than submit a separate statement of disputed facts in opposition to summary judgment, plaintiff submitted a declaration attached to his opposition. ECF No. 76-1. In it, plaintiff acknowledges that defendant's search of his property was conducted after he was transferred to "D" facility on August 5, 2019. ECF No. 76-1 at 1.

By way of reply, defendant points out that plaintiff did not respond to Defendant's Separate Statement of Undisputed Facts in violation of Local Rule 260(b). ECF No. 77. As a result, defendant submits that her statement of facts should be deemed admitted. ECF No. 77. Further, she argues, even assuming that defendant engaged in the conduct plaintiff alleges, there is no evidence that plaintiff's First Amendment rights were actually chilled due to this conduct. On this basis alone, defendant Romary is entitled to summary judgment. "Plaintiff has failed to

3

demonstrate the existence of a genuine disputed material fact with respect to at least one of the prima facie elements of his claim and, therefore, Defendant is entitled to summary judgment." ECF No. 77 at 2-4.

### III.   Legal Standards

#### A.  Summary Judgment Standards

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials…." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### B. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003); see also Rhodes, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property may constitute retaliation for filing inmate

grievances).

### IV. Undisputed Material Facts[2]

During the events at issue in the present action, defendant Romary was employed as a correctional officer assigned to the D Housing Unit at CSP-Solano. ECF No. 75-3 at ¶ 1, 3 (Defendant's Separate Statement of Undisputed Material Facts) (hereinafter "DSUF"). On or about August 5, 2019, plaintiff was transferred from the C Housing Unit to the D Housing Unit at CSP-Solano. DSUF at ¶ 3. As part of her typical duties, defendant Romary conducts searches of an inmate's possessions when an inmate has just moved from one housing unit to another. DSUF at ¶ 4. Defendant Romary conducts these searches to ensure compliance with California Code of Regulations, title 15, § 3190(f) that provides that "[t]he combined volume of state-issued and allowable personal property items [for an inmate] shall not exceed six cubic feet…." DSUF at ¶ 5-6. As a result of the August 5, 2019 search, defendant confiscated certain items of plaintiff's personal property and prepared a search receipt form listing the items of property that were confiscated and placed in the hot trash. DSUF at ¶ 8, ECF No. 75-3 at 39 (CSP-Solano Cell/Bed-Area Search Receipt).

Following the search of his property, plaintiff filed two 602 grievances against defendant. DSUF at ¶¶ 13-15. In Grievance No. CSPS-1902476, plaintiff requested the return of his personal property that was confiscated by defendant. DSUF at ¶ 13; ECF No. 75-3 at 25-33 (CDCR Form 602 and Second Level Appeal Response). This appeal was denied to the extent that plaintiff requested monetary compensation for his destroyed property, but plaintiff's request for no staff harassment or reprisals was granted. DSUF at ¶ 14; ECF No. 75-3 at 61. Plaintiff submitted a second grievance assigned Grievance No. CSPS-2000165 that was a staff complaint against defendant Romary for her alleged retaliation against plaintiff. DSUF at ¶ 15; ECF No. 75-3 at 46-47 (Plaintiff's Deposition).

### V. Disputed Facts

Plaintiff specifically denies having more than six cubic feet of personal property in his

---

[2] All facts are undisputed by the parties unless otherwise noted.

possession on August 5, 2019.  ECF No. 76-1 at 2 (Plaintiff's Declaration In Support of Opposition to Defendant's Motion for Summary Judgment).[3]  According to defendant Romary, plaintiff "had property in his carts that appeared to be well above the six cubic feet limit." Declaration of J. Romary, at ¶ 6.

Regarding what specific items of property were confiscated and then destroyed, plaintiff focuses on his unpublished book and movie manuscripts as well as a game invention.  ECF No. 76-1 at 2.  Defendant Romary denies confiscating "any materials constituting manuscripts, unpublished books, or unpublished movie scripts…. The only written material… removed were pornographic pictures (2) and excess books beyond the allowable limit." Declaration of J. Romary, at ¶ 7.  Defendant also removed a TV antenna, altered wires, excess state clothing and food, excess garbage such as empty wrappers, and excess plastic containers that exceeded the allowable limit of property.  Declaration of J. Romary, at ¶ 7.

Defendant Romary denies using profanity or telling plaintiff not to question her authority while she was conducting the search.  Declaration of J. Romary at ¶ 8.  Moreover, she does not remember plaintiff telling her that he would file a grievance against her.  Declaration of J. Romary at ¶ 8.  Defendant denies bargaining to return plaintiff's property in exchange for his agreement not to file a grievance against her.  Id. at ¶ 10.

Plaintiff "actually feared filing a complaint against her but [he] eventually did…." ECF No. 76-1 at 3.

**VI.  Analysis**

The undersigned finds that defendant has met her initial burden of informing the court of the basis for her motion, and identifying those portions of the record which she believes demonstrate the absence of a genuine issue of material fact.  The burden therefore shifts to plaintiff to establish the existence of a genuine issue of material fact with respect to his retaliation and supplemental state law claims.  See Matsushita Elec. Indus., 475 U.S. at 586 (1986).  The court has reviewed plaintiff's verified complaint and his declaration in opposition to defendant's

---

[3] This declaration was made under penalty of perjury.

motion to determine whether a genuine dispute exists.

In this case, plaintiff fails to demonstrate that there is a genuine dispute that his First Amendment rights were chilled by defendant Romary's actions. See Nelson v. Scribner, 2005 WL 1367061 at *5 (E.D. Cal. May 21, 2005) (emphasizing that plaintiff must do more than simply allege a chilling effect resulting from a retaliatory action, he must provide the court with evidence that he actually experienced a chilling effect on his First Amendment rights), adopted by 2005 WL 1656852 (E.D. Cal. July 7, 2005). At best, defendant's declaration in opposition to summary judgment indicates that he initially was subjectively fearful of defendant Romary's threat to destroy his manuscripts, but then he submitted not one, but two separate grievances against her. Plaintiff has not submitted any evidence that he actually suffered a chilling effect on his First Amendment rights. Thus, there is no evidence before the court that would demonstrate a genuine dispute about this element of a retaliation claim. Accordingly, defendant is entitled to judgment as a matter of law on plaintiff's retaliation claim.

Defendant Romary also seeks summary judgment on the supplemental state law claims. "[A court] may decline to exercise supplemental jurisdiction over a claim...if...[it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the court recommends granting defendant's motion for summary judgment on plaintiff's federal claim, the undersigned further recommends declining to exercise supplemental jurisdiction over plaintiff's state law claims. See Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (explaining that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (internal quotation marks and citation omitted)). Accordingly, the supplemental state law claims should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### VII. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the pending motion for summary judgment, as well as the evidence submitted by the parties, and has concluded that the facts of your case are not sufficiently in dispute to warrant a trial on the First Amendment retaliation claim.  Because there is no triable federal claim remaining in your case, the court further recommends dismissing your supplemental state law claims without prejudice.

You have fourteen days to explain to the court why this is not the correct outcome in your case.  If you choose to do this you should label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district court judge assigned to your case will review any objections that are filed and will make a final decision on the motion for summary judgment.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Romary's motion for summary judgment (ECF No. 75) be granted on plaintiff's First Amendment retaliation claim.
2. Plaintiff's supplemental state law claims be dismissed without prejudice to plaintiff's refiling such claims in state court.
3. The Clerk of Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 15, 2023

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/glea0775.msj.docx