UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Lee Gleason, | No. 2:20-cv-00775-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| California Department of Corrections and Rehabilitation, et al., | |
| Defendants. | |

Plaintiff Thomas Gleason, who was incarcerated in California State Prison Solano and is not represented by an attorney, alleges a correctional officer retaliated against him for filing prison grievances in violation of the First Amendment. Gleason also asserts claims under state law. The case was referred to the assigned Magistrate Judge for all pretrial purposes under this District's Local Rules. The Magistrate Judge recommends granting summary judgment to the defendant officer on Gleason's First Amendment claim, and she recommends the court decline to exercise supplemental jurisdiction over Gleason's state law claims. *See generally* F&Rs, ECF No. 80. Gleason objected, ECF No. 81, the officer responded to his objections, ECF No. 82, and Gleason requested permission to file a reply to the officer's objections, ECF No. 83. The court grants Gleason's request and considers the arguments in his filing at ECF No. 83.

1

1    "Prisoners have a First Amendment right to file grievances against prison officials and to
2    be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). A
3    prisoner can prove an officer defendant is reliable for retaliation in violation of the First
4    Amendment by proving five things:

5    (1)    The plaintiff filed a grievance, which is protected conduct under the First
6           Amendment. *Id.*
7    (2)    The defendant took some adverse action against the plaintiff. *Id.*
8    (3)    The defendant took that action "because of" the grievance. *Rhodes v. Robinson*,
9           408 F.3d 559, 567 (9th Cir. 2005).
10   (4)    The defendant's actions "would chill or silence a person of ordinary firmness from
11          future First Amendment activities.'" *Watison*, 668 F.3d at 1114 (quoting *Rhodes*,
12          408 F.3d at 568).
13   (5)    The adverse action did not "reasonably advance a legitimate correctional goal."
14          *Rhodes*, 408 F.3d at 567.

15   The Magistrate Judge recommends granting summary judgment to the defendant officer
16   because the officer's allegedly retaliatory actions did not deter Gleason from filing additional
17   prison grievances. *See* F&Rs at 8. But a plaintiff can prevail in a First Amendment retaliation
18   case without proving "his speech was actually inhibited or suppressed." *Brodheim v. Cry*,
19   584 F.3d 1262, 1271 (9th Cir. 2009) (quoting *Rhodes*, 408 F.3d at 569). If proof of actual
20   inhibition or suppression were necessary, then a defendant could "escape liability for a First
21   Amendment violation merely because an unusually determined plaintiff persists in his protected
22   activity." *Id.* (quoting *Rhodes*, 408 F.3d at 569). A plaintiff need only prove that "a person of
23   ordinary firmness" would be chilled or silenced. *Id.* This court cannot say as a matter of law on
24   this record that Gleason has fallen short of this objective standard.

25   The court **declines to adopt** the findings and recommendations (ECF No. 80). The
26   motion for summary judgment (ECF No. 75) is **denied**. This matter is referred to Sujean Park,
27   the court's pro bono coordinator, for identification of an attorney on the pro bono panel to
28   represent plaintiff at a mandatory settlement conference before another judge of this court.

1       IT IS SO ORDERED.

2   DATED: August 18, 2023.

3

_____
CHIEF UNITED STATES DISTRICT JUDGE